[20 NE3d 983, 996 NYS2d 203]

In the Matter of TOWN OF NORTH HEMPSTEAD, Appellant-
Respondent, v COUNTY OF NASSAU, Respondent-Appellant.

Argued September 10, 2014; decided October 16, 2014

**POINTS OF COUNSEL**

*Bond Schoeneck & King PLLC*, Garden City (*Richard S. Finkel* of counsel), for appellant-respondent. I. The Education Law does not permit counties to charge back towns and cities for Fashion Institute of Technology costs. (*Matter of Fulton-Montgomery Community Coll. v County of Saratoga*, 80 AD3d 217; *Matter of Moran v LaGuardia*, 270 NY 450; *Matter of New York Pub. Interest Research Group v Dinkins*, 83 NY2d 377; *Pataki v New York State Assembly*, 4 NY3d 75; *New York State Bankers Assn. v Wetzler*, 81 NY2d 98; *Matter of Gallagher v*

*Regan*, 42 NY2d 230; *Ball v State of New York*, 52 AD2d 47, 41 NY2d 617; *Church of Ascension v New York State Racing & Wagering Bd.*, 55 AD2d 874, 46 NY2d 776; *Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce*, 21 NY3d 55; *Matter of Meng*, 227 NY 264.) II. Education Law § 6302 (3) does not permit counties to recover the costs of Fashion Institute of Technology's advanced degree programs from towns and cities. (*Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce*, 21 NY3d 55; *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577; *Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205; *Department of Welfare of City of N.Y. v Siebel*, 6 NY2d 536; *Giuliani v Hevesi*, 90 NY2d 27; *Comereski v City of Elmira*, 308 NY 248; *Desiderio v Ochs*, 100 NY2d 159; *Fleming v Graham*, 10 NY3d 296; *Castro v United Container Mach. Group*, 96 NY2d 398; *Matter of Washington Post Co. v New York State Ins. Dept.*, 61 NY2d 557.) III. Any county chargeback must be preceded by authorization from the county legislature. (*People v Roe*, 74 NY2d 20; *Matter of Scoglio v County of Suffolk*, 85 NY2d 709; *Matter of Leirer v Caputo*, 81 NY2d 455.) IV. The County of Nassau's set off of sales tax revenue owed the Town of North Hempstead against a disputed debt is unlawful. (*Dunn v Uvalde Asphalt Paving Co.*, 175 NY 214; *Spodek v Park Prop. Dev. Assoc.*, 263 AD2d 478; *Willett v Lincolnshire Mgt.*, 302 AD2d 271.)

*Carnell T. Foskey, County Attorney*, Mineola (*Robert F. Van der Waag* and *David A. Tauster* of counsel), for respondent-appellant. I. A county may properly charge back to its towns and cities the full amount paid for their residents to attend any degree program at a community college. (*Fisher v Fashion Inst. of Tech.*, 491 F Supp 879; *Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205; *Matter of Fulton-Montgomery Community Coll. v County of Saratoga*, 80 AD3d 217; *Cimo v State of New York*, 306 NY 143; *Metropolitan Multi-Hous. Laundry Assn. v New York City Dept. of Fin.*, 184 AD2d 759; *Matter of County of Suffolk v King*, 18 AD3d 1010; *Pataki v New York State Assembly*, 4 NY3d 75.) II. The county treasurer was empowered to charge back to the towns and cities for nonresident tuition at the Fashion Institute of Technology. (*City of Buffalo v Roadway Tr. Co.*, 303 NY 453; *Goncalves v Regent Intl. Hotels*, 58 NY2d 206; *Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205; *Matter of Auerbach v Board of Educ. of City School Dist. of City of N.Y.*, 86 NY2d 198.) III. The County of Nassau is entitled to set off the amounts

chargeable to the Town of North Hempstead for its residents attending the Fashion Institute of Technology against the Town's share of sales tax revenue. (*United States v Munsey Trust Co.*, 332 US 234; *Morash v State of New York*, 268 AD2d 510; *Matter of Fahey v Whalen*, 54 AD2d 1097; *Canale v New York State Dept. of Taxation & Fin.*, 84 Misc 2d 786; *Argiriou & Finkel v Marciante Luncheonette II*, 64 Misc 2d 660; *Hettrick Mfg. Co. v Barish*, 120 Misc 673, 209 App Div 807; *Matter of Northville Indus. Corp. v State of New York*, 14 AD3d 817.)

*Eric T. Schneiderman, Attorney General*, New York City (*Valerie Figueredo, Barbara D. Underwood* and *Richard P. Dearing* of counsel), for State University of New York, amicus curiae. The Fashion Institute of Technology is not exempt from Education Law § 6305 (5), which authorizes a county to recover from a town the county's required payments for the attendance of town residents at an out-of-county community college. (*Matter of Board of Educ. of City of N.Y. v Allen*, 6 NY2d 127; *Iazzetti v City of New York*, 94 NY2d 183; *Alweis v Evans*, 69 NY2d 199; *Pataki v New York State Assembly*, 4 NY3d 75; *Yatauro v Mangano*, 17 NY3d 420; *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577; *Matter of Amorosi v South Colonie Ind. Cent. School Dist.*, 9 NY3d 367.)

*Dennis M. Brown, County Attorney*, Hauppauge (*Christopher A. Jeffreys* of counsel), for County of Suffolk, amicus curiae. I. It is well established that the Fashion Institute of Technology is a community college in the State of New York. (*Jackson v Board of Educ. of City of N.Y.*, 30 AD3d 57.) II. Suffolk County is entitled to reimbursement of all monies paid for nonresident student attendance at the Fashion Institute of Technology from the towns in which the students reside. (*Matter of County of Suffolk v King*, 18 AD3d 1010; *Pataki v New York State Assembly*, 4 NY3d 75; *Moore v Mausert*, 49 NY 332; *Matter of Pink [Walladmoy Realty Co., Inc.]*, 179 Misc 46.)

*Corey E. Klein, Corporation Counsel*, Long Beach (*Gregory Kalnitsky* of counsel), for City of Long Beach, amicus curiae. The County of Nassau may not charge back municipalities for Fashion Institute of Technology tuition. (*Ferres v City of New Rochelle*, 68 NY2d 446; *New York State Bankers Assn. v Albright*, 38 NY2d 430; *People v Ryan*, 274 NY 149; *Janssen v Incorporated Vil. of Rockville Ctr.*, 59 AD3d 15; *Matter of City of New York v Novello*, 65 AD3d 112; *Fisher v Fashion Inst. of Tech.*, 491 F Supp 879; *Jackson v Board of Educ. of City of N.Y.*,

30 AD3d 57; *Matter of Amorosi v South Colonie Ind. Cent. School Dist.*, 9 NY3d 367; *Matter of Raritan Dev. Corp. v Silva*, 91 NY2d 98.)

*Cindy Elan-Mangano, Town Attorney*, Huntington (*Deirdre M. Butterfield* of counsel), for Town of Huntington, amicus curiae. I. Education Law § 6305 authorizes counties to seek reimbursement for Fashion Institute of Technology-related charges from the State and only the State. (*National Assn. of Home Builders v Defenders of Wildlife*, 551 US 644; *Lexecon Inc. v Milberg Weiss Bershad Hynes & Lerach*, 523 US 26; *Association of Civilian Technicians, Mont. Air Ch. No. 29 v Federal Labor Relations Auth.*, 22 F3d 1150.) II. Education Law § 6305 (5) should be deemed repealed by implication. (*National Assn. of Home Builders v Defenders of Wildlife*, 551 US 644; *People ex rel. Bronx Parkway Commn. v Common Council of City of Yonkers*, 229 NY 1; *People v Mann*, 31 NY2d 253.)

*Robert L. Cicale, Town Attorney*, Islip (*William F. Garbarino* of counsel), for Town of Islip, amicus curiae. I. Education Law § 6305 authorizes counties to seek reimbursement for Fashion Institute of Technology-related charges from the State and only the State. (*Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205; *Matter of Hoerger v Spota*, 109 AD3d 564; *Pajak v Pajak*, 56 NY2d 394; *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577; *Tompkins v Hunter*, 149 NY 117; *Matter of Erie County Agric. Socy. v Cluchey*, 40 NY2d 194; *Bright Homes v Wright*, 8 NY2d 157.) II. The ongoing supersedure of Education Law § 6305 (10) by budget legislation does not constitute the implied repeal of Education Law § 6305 (10). (*Noghrey v Town of Brookhaven*, 214 AD2d 659; *Matter of Gallagher v Regan*, 42 NY2d 230; *Matter of Moran v LaGuardia*, 270 NY 450; *Pataki v New York State Assembly*, 4 NY3d 75; *Ball v State of New York*, 41 NY2d 617; *People v Mann*, 31 NY2d 253; *Cimo v State of New York*, 306 NY 143.)

*Sarah B. Brancatella*, Albany, for Association of Towns of the State of New York, amicus curiae. The language of the statutes, amendments to the Education Law and a history of the community college chargeback system all demonstrate that the legislature did not intend to allow counties to charge back nonresident student Fashion Institute of Technology-related costs to towns. (*Riley v County of Broome*, 95 NY2d 455.)

**OPINION OF THE COURT**

Chief Judge LIPPMAN.

This appeal concerns the allocation of costs to be borne amongst various government entities for expenses attributable

to their residents attending community college. More specifically, the primary issue presented is whether the Education Law permits respondent Nassau County (County) to charge back to petitioner Town of North Hempstead (Town) the amounts the County paid on behalf of Town residents attending the Fashion Institute of Technology (FIT). We conclude that the County can collect the chargebacks.

Under the Education Law, community colleges are defined as colleges that are established and operated by a local sponsor[1] which "provid[e] two-year post secondary programs pursuant to regulations prescribed by the state university trustees and receiv[e] financial assistance from the state therefor" (Education Law § 6301 [2]). Community colleges are further described as institutions that "provide two-year programs of [a] post high school nature" with curricula "designed to serve the needs of students who seek two years of post secondary education and whose needs would not ordinarily be met by the usual four-year college curriculum" (Education Law § 6303 [1], [3]).

According to the financing system established by the Education Law, funding for community colleges is derived from the State, the local sponsor and the individual students (see Education Law § 6304 [1] [a], [c], [d]). The local sponsor's portion of the financial burden depends upon where its students reside. For "resident" students—generally those who reside within the particular geographic region served by the local sponsor—the local sponsor is responsible for a portion of the community college's operating and capital costs (see Education Law §§ 6301 [5]; 6304 [1]). For nonresident students—those who live within New York State, but outside of the region where the community college is located—the local sponsor is permitted to charge back a portion of those operating costs to the students' county of residence (see Education Law § 6305 [2]). The county, in turn, is authorized to "charge back such amounts in whole or in part to the cities and towns in the county" where such nonresident students reside (Education Law § 6305 [5]).

Although, like other community colleges, FIT was initially a two-year school, in 1975 the legislature authorized the local

---

1. A local sponsor is defined as "[a]ny city, county, intermediate school district, school district approved by the state university trustees, or community college region approved by the state university trustees, sponsoring or participating in the establishment or operation of a community college" (Education Law § 6301 [3]).

sponsor to expand the available degree programs (*see* Letter from Assembly Sponsor, June 19, 1975, Bill Jacket, L 1975, ch 356, 1975 NY Legis Ann at 429 [baccalaureate degree programs]; Governor's Approval Mem, Bill Jacket, L 1979, ch 204, 1979 NY Legis Ann at 134 [Master's degree programs]). "In addition to the community college programs and curricula authorized by this article, the institution may offer . . . baccalaureate, masters degree programs and curricula in support of its mission" (Education Law § 6302 [3]).[2] The statute further provides that "[n]otwithstanding any other provision of law, the institution shall be financed and administered in the manner provided for community colleges" (Education Law § 6302 [3]).

The expansion in FIT degree programs resulted in a greater burden on the local governments for their share of its operating costs. In 1994, the State took on the obligation of reimbursing the counties for charges they incurred on behalf of their nonresident students attending FIT (*see* L 1994, ch 170, § 400). Specifically, the statute provides that

> "the state shall reimburse each county which has issued a certificate of residence for any non-resident student in attendance at [FIT] during the [1993-94] academic year and every year thereafter in an amount equal to fifty percent of the actual amount paid by such county on behalf of such students and on or before [June 1, 1995] and every year thereafter, the state shall reimburse each county for the remaining fifty percent of the actual amount paid by each such county on behalf of such students" (Education Law § 6305 [10]).

Although the legislature appropriated funds for the reimbursement until 2001, since that time such appropriations have not been made.

Beginning in 2003, the Nassau County Legislature authorized its county treasurer to charge back to the appropriate towns and cities the amounts paid by the County on behalf of its residents attending out-of-County community colleges. Although the resolution authorizing the chargebacks refers to community colleges in general, the County did not at that time charge the

---

2. The statute does not reference FIT explicitly, but the legislative history makes clear that the provision was designed to apply solely to that school (*see* Letter from Assembly Sponsor, June 19, 1975, Bill Jacket, L 1975, ch 356, 1975 NY Legis Ann at 429; Governor's Approval Mem, Bill Jacket, L 1979, ch 204, 1979 NY Legis Ann at 134).

local municipalities for FIT costs. In 2010, however, the County began instituting FIT chargebacks.

By April 2011, the Town owed the County $1,174,462.60 in FIT expenses for the 2010 fiscal year. The County's budget director sent a letter to the Town, informing it that this amount, as well as $601,482.27 owed for payments made on behalf of Town residents attending other out-of-county community colleges, had been withheld from its share of sales tax revenue.

The Town then commenced this hybrid declaratory judgment action/CPLR article 78 proceeding seeking a declaration that the County lacked authority to charge back FIT expenses to the Town. In the alternative, the Town sought a declaration that the chargebacks be limited to costs associated with two-year FIT degree programs. The Town also sought an order directing the County to pay the Town its share of the sales tax revenue and a declaration that the County was without authority to offset any chargebacks against the sales tax revenue due to the Town.

Supreme Court denied, in part, the Town's motion for summary judgment, finding that the County was entitled to collect chargebacks from the Town (2011 NY Slip Op 32266[U] [2011]). However, the court limited the availability of those chargebacks to the amounts the County had expended on behalf of the Town's FIT students who were enrolled in two-year programs and those who were seeking two-year Associate's degrees. The court further determined that the County was entitled to offset the Town's resulting liability by retaining the amount owed from the Town's share of County sales tax revenue.

The Appellate Division modified by applying the chargebacks to all FIT degree programs, rather than solely to two-year programs (102 AD3d 800 [2d Dept 2013]). However, the Court also found that the County was required to adopt a formal resolution in order to authorize its treasurer to collect the chargebacks and that the County was not entitled to offset the amounts owed by the Town against the sales tax revenue.

This Court granted the Town's motion for leave to appeal and the County's motion for leave to cross-appeal (21 NY3d 864 [2013]). We now modify to uphold the County's offsetting of the Town's liability for FIT chargebacks from sales tax revenue, without requiring the issuance of a new resolution and, as so modified, affirm.

The Town argues that the County is without authority to charge back FIT costs to the towns. The crux of the Town's

argument is that when Education Law § 6305 (10) was enacted, the State became the sole source from which the counties could seek reimbursement for FIT student expenses. The Town maintains that this provision remains in full effect despite the State's failure to fund the measure and that the County, therefore, cannot revert to obtaining reimbursement from the towns under section 6305 (5).

It is true that the State's reimbursement obligation is phrased in mandatory terms (see Education Law § 6305 [10]). However, there is nothing in the statute that expressly repeals the County's ability to seek chargebacks from the towns. Nor is there any indication that the legislature intended to impliedly repeal section 6305 (5). "Generally, a statute is deemed impliedly repealed by another statute only if the two are in such conflict that it is impossible to give some effect to both. If a reasonable field of operation can be found for each statute, that construction should be adopted" (Alweis v Evans, 69 NY2d 199, 204 [1987]). Here, the statutes are not in irreconcilable conflict, but can be harmonized. The community college funding scheme is clearly intended to provide the counties with reimbursement. That goal can either be accomplished using funds from the State (if available) or, in the alternative, from the local municipalities. The effect of the State's failure to fund its reimbursement obligation is not the imposition of an additional expense upon the counties—especially where the statute continues to authorize chargebacks to the towns and cities for all community colleges. In other words, the State's nonperformance does not change the rights and obligations as between the County and the Town. Rather, the State's reimbursement obligation was superseded when the legislature failed, in the course of the budgeting process, to appropriate the required funding (see Pataki v New York State Assembly, 4 NY3d 75, 98-99 [2004]; Matter of County of Suffolk v King, 18 AD3d 1010 [3d Dept 2005]). The County was then free to look to the Town for reimbursement under Education Law § 6305 (5).

The Town's alternative argument, that any reimbursement it is obligated to provide should be limited to expenses associated with FIT's two-year programs, is without merit. As noted above, the same statute that expanded FIT's curriculum to include advanced degree programs explicitly states that the school "shall be financed and administered in the manner provided for community colleges" (Education Law § 6302 [3]). Therefore, the County is permitted to collect chargebacks from

the Town for costs incurred on behalf of Town residents for all FIT degree programs, just as it could for any two-year community college program.

Finally, the County, in support of its cross appeal, asserts that it has the authority to offset the Town's debt by retaining the appropriate amount from the Town's share of sales tax revenue. The County, like any other creditor, is permitted to employ the common-law right of set-off (*see United States v Munsey Trust Co.*, 332 US 234, 239 [1947]; 1988 Ops St Comp No. 88-42). At this point, it is clear that the Education Law allows the County to seek chargebacks from the Town and the amount of the Town's debt has been reliably determined based on concrete FIT enrollment figures (*cf. Dunn v Uvalde Asphalt Paving Co.*, 175 NY 214, 219 [1903]). As a result, the County may offset the amounts owed by the Town and a specific resolution for this purpose is not required.

Accordingly, the order of the Appellate Division should be modified, with costs to the County, to declare in favor of the County in accordance with this opinion and, as so modified, affirmed.

Judges GRAFFEO, READ, SMITH, PIGOTT, RIVERA and ABDUS-SALAAM concur.

Order modified, with costs to the County of Nassau, to declare in favor of the County of Nassau in accordance with the opinion herein and, as so modified, affirmed.